## MILLER v. WOOD et al.

### No. 4442.

Court of Civil Appeals of Texas. Amarillo.

July 1, 1935.

Rehearing Denied Sept. 9, 1935.

J. M. Elliott and Hamilton & Fitzgerald, all of Memphis, for appellant.

A. S. Moss and J. O. Fitzjarrald, both of Memphis, for appellees.

JACKSON, Justice.

The appellant instituted this suit in the district court of Hall county to recover damages alleged to have been caused to his land by drainage ditches constructed across their land by appellees which diverted the surface water from its natural flow across appellant's land to his damage in the sum of $2,500.

The appellees answered by general and special exceptions, general denial, and pleaded that a former owner of the land, now deceased, had agreed to the construction of the ditches and the manner thereof.

At the conclusion of the evidence, the court peremptorily instructed a verdict for appellees, and of this appellant complains.

"It was reversible error for the court to direct a verdict: 'If, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.' Gross v. Shell Pipe Line Corp. (Tex. Civ. App.) 48 S.W.(2d) 377, 378, and authorities cited. To the same effect is Jones et al. v. Jones (Tex. Civ. App.) 41 S.W. (2d) 496, and authorities cited." Jackson v. Langford (Tex. Civ. App.) 60 S.W. (2d) 265, 267.

We shall refrain from rehearsing the testimony and content ourselves by saying that in our opinion it was amply sufficient, under the rule announced, to require the submission of the material issues involved in the controversy to the jury.

The record discloses that the appellant inherited the land alleged to have been damaged from his father, and it was with his deceased father that appellees claimed an oral agreement for the construction of

the ditches said to have caused the damage. Appellee Wood was permitted, over appellant's objections, to testify to such agreement. While no error is assigned to this action of the court, inasmuch as the judgment is reversed, we deem it proper to say that the objection to such testimony should have been sustained.

The judgment is reversed, and the cause remanded.